FILED
2017 Aug-23 PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STAR PROPERTIES, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| **LINDA R. KIRBY.** ) | |
| ) | Case No. 2:14-CV-01665-KOB |
| Defendant/Counter-Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| **CALIBER HOME LOANS, INC.,** ) | |
| ) | |
| Counterclaim-Defendant. ) | |

## MEMORANDUM OPINION
## ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On May 16, 2017, the Magistrate Judge filed a report and recommendation recommending that the court grant Caliber Home Loans' motion for summary judgment; deny Linda Kirby's motion for partial summary judgment; decline to exercise supplemental jurisdiction over the remainder of the action between Star Properties and Ms. Kirby; and remand the case to the Circuit Court of Jefferson County, Alabama. (Doc. 102). Ms. Kirby filed objections to the report and recommendation. (Doc. 105).

In her objections, Ms. Kirby argues that the Magistrate Judge failed to consider the evidence in the light most favorable to her, the non-movant, and that the Magistrate Judge committed several legal errors in reaching the conclusion set forth in the report. The court will consider the objections claim-by-claim.

Ms. Kirby claims the Magistrate Judge erred by finding that Caliber was entitled to determine when a loss mitigation application is complete. However, RESPA gives a servicer that power. *See* 12 C.F.R. 1024.41(b)(1). Under the statute, a servicer is entitled to determine when an application is complete.

True, this general principle is limited by specific exceptions in the statute. RESPA requires a servicer to treat an application as complete if the only outstanding information "is not in control of a borrower." 12 C.F.R. 1024.41(b)(1), Supp. I. Ms. Kirby claims the Magistrate Judge "did not address or consider this very important limitation." (Doc. 105 at 20). But the Magistrate Judge *did* consider, interpret, and apply the provision in his analysis. (Doc. 102 at 51–52).

The crux of Ms. Kirby's objections to the Magistrate Judge's recommendation about her RESPA claim is that she disagrees with his interpretation of the law. However, the Magistrate Judge correctly concluded that the provision applies when the servicer—not the borrower—requests information from a third-party. This reading conforms to the statutory obligation of the borrower to supply the servicer with the necessary information to evaluate her eligibility for loss mitigation options.

The Magistrate Judge also correctly found that Caliber's timeframe for submission of the additional documents was reasonable. Caliber gave Ms. Kirby 30 days to submit the materials. In effect, Ms. Kirby complains that Caliber gave her *too much* time to respond. If Caliber had done as she now wishes, she would have had 29 days instead of 30 days to respond to Caliber's request. Providing a borrower more time to respond cannot be unreasonable.

Further, the Magistrate Judge correctly concluded that Ms. Kirby submitted an incomplete loss mitigation application. Caliber had the statutory authority to determine when the

application was complete, and Ms. Kirby did not submit documents the servicer required in a timely fashion. The accuracy or reliability of Caliber's records is immaterial when the parties do no dispute that Ms. Kirby did not provide documents requested by Caliber. The Magistrate Judge correctly found that the undisputed facts show that the application was incomplete.

Finally, the Magistrate Judge correctly concluded that Caliber did not have a duty to search its own files to supplement Ms. Kirby's incomplete application. Further, even if such a duty existed and Caliber searched its own records, Ms. Kirby's applications would remain incomplete. No evidence suggests any document she previously submitted would satisfy Caliber's requests and complete her February 2014 application.

Ms. Kirby argues that the Magistrate Judge erred by concluding that her torts claims against Caliber were barred because the only duty between the parties was contractual. However, the Magistrate Judge correctly applied Alabama law. Ms. Kirby places great weight on *Ogletree v. Bank of Am., N.A.*, No. 1:11-CV-489-VEH, 2012 WL 4340024 (N.D. Ala. Sept. 17, 2012). The court agrees with the Magistrate Judge that *Olgetree* does not persuasively establish that Alabama law imposes a duty of care on a loan servicer who voluntarily agrees to consider loss mitigations options for a borrower. As Judge Ott previously noted, reading *Olgetree* for that proposition is to "read the case too broadly." *Tidmore v Bank of Am., N.A.*, No. 4:15-CV-2210-JEO, 2017 WL 467473, at *5 (N.D. Ala. Feb 3, 2017). Further, RESPA cannot serve as a source of a duty under state law to consider loss mitigation options. *See* 12 C.F.R. § 1024.41. The Magistrate Judge correctly concluded that Caliber is entitled to summary judgment on Ms. Kirby's tort claims.

The court also agrees with the Magistrate Judge's recommendation to deny Ms. Kirby's motion for partial summary judgment against Caliber. Having found that Caliber is entitled to

3

summary judgment on Ms. Kirby's claims against it, it logically follows that Ms. Kirby is not entitled to summary judgment against Caliber.

The court has carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and Ms. Kirby's objections. The court **OVERRULES** Ms. Kirby's objections; **ADOPTS** the Magistrate Judge's report; and **ACCEPTS** his recommendation to grant summary judgment for Caliber on all claims made by Ms. Kirby (doc. 58), deny Ms. Kirby's motion for partial summary judgment (doc. 67), and remand the remaining state-law claims and counterclaims between Star Properties, Inc. and Ms. Kirby to the Circuit Court of Jefferson County, Alabama. The court will enter a separate order doing so.

**DONE** this 23rd day of August, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE